IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MIXON                                                                       PLAINTIFF

v.                      Civil No. 4:13-cv-04099

SERGEANT JOHNNY WELCH                                DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Willie Mixon pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Arkansas Department of Correction Wrightsville Unit in Wrightsville, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is the issue of service on Defendant Welch. After careful consideration, the Court makes the following Report and Recommendation.

**1. BACKGROUND**

Plaintiff originally filed this case *pro se* on October 23, 2013. ECF No. 1. In his original Complaint, Plaintiff named Sheriff Ron Stovall, Warden Gary Turner, and Sergeant Johnny Welch as Defendants. ECF No. 1. Plaintiff filed an Amended Complaint on December 19, 2013. ECF No. 9. In his Amended Complaint, Plaintiff only named Sergeant Welch as a Defendant. Accordingly, the Court directed Defendant Stovall and Turner be administratively terminated as

1

Defendants in this matter. ECF No. 8. In his Amended Complaint, Plaintiff claims Defendant Welch violated Plaintiff's constitutional rights by using excessive force against Plaintiff through the use of pepper spray. ECF No. 9.

In his Amended Complaint, Plaintiff represented Defendant Welch was employed at the Miller County Detention Center ("MCDC"). On December 19, 2013, the Court ordered the U.S. Marshal Service to serve Defendant Welch at the Miller County Sheriff's Office, 2300 East Street, Texarkana, Arkansas 71854. On February 10, 2014, the summons issued for Defendant Welch was returned unexecuted. ECF No. 13. The Marshal noted on the return that Defendant Welch left his employment with the MCDC in November 2011 and is believed to be working offshore. Further, the Marshal noted the subject is "not reachable." ECF No. 13, p. 3.

On May 21, 2014, the Court issued an Order directing Plaintiff to provide a proper address for service on Defendant Welch. ECF No. 14. Plaintiff responded arguing he was unable to locate Defendant Welch's address for service because Plaintiff is incarcerated. Plaintiff also argues the MCDC should provide Defendant Welch's last known address or the U.S. Marshal should be able to serve Defendant Welch at his job offshore.

3.  DISCUSSION

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). However, plaintiffs proceeding *in forma pauperis* ("IFP") are entitled to rely on the U.S. Marshal Service to serve summons. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010). An IFP Plaintiff may not, however, do nothing once he receives notice of failure to effectuate service. *Id.* (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)).

While IFP plaintiffs should not be penalized for a marshal's failure to obtain proper service, it is the plaintiff's responsibility to provide the Court with a proper address for service. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

Here, Plaintiff filed his Amended Complaint more than one year ago and the Amended Complaint has yet to be served on Defendant Welch. The only address for service available is the MCDC and service at that address was unsuccessful. Further, the Marshal was informed Defendant's whereabouts are uncertain but it is believed he is working offshore. The Court takes this to mean Defendant Welch is not currently residing within the continental United States.

While the Court recognizes Plaintiff's limitations, as an incarcerated person, this case cannot be left to languish indefinitely without service. The Court attempted to aide Plaintiff in locating Defendant Welch, however, it is ultimately Plaintiff's responsiblity to provide the Court with a proper address for service on Defendant Welch. Plaintiff has been unable to do so. There is nothing further the Court can do to effectuate service in this matter. For this reason, I recommend Plaintiff's claims against Defendant Welch be dismissed without prejudice.

4.  **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED** without prejudice. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 28th day of April 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE